**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

The Monfort Supply Co., *et al.*,

     Plaintiffs,

    v.                                 Case No. 1:04cv145

Hamilton County Board of                    Judge Michael H. Watson
Zoning Appeals, *et al.*,

     Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendant Peggy Lopez's Motion for Summary Judgment (Doc. 40).  Plaintiffs filed a Memorandum in Opposition (Doc. 49), and Defendant filed a Reply (Doc. 50).

## I.    FACTUAL BACKGROUND

Plaintiffs in this matter are the Monfort Supply Company, V&G Rack Company, and Vincent G. Rack, who is the President and CEO of both Monfort and V&G Rack. Plaintiff Monfort Supply is in the excavation business and owns many pieces of heavy equipment and vehicles to service that business.  (Doc. 1, ¶ 2)

In 1986, Plaintiffs purchased approximately four acres of real property in Green Township, Hamilton County known as the "Doran property."  (Id. ¶¶ 2, 8)  Plaintiffs intended to use the property as commercial property.  (Id. ¶ 2-4 [sic])  However, the Green Township officials have taken the position that the property was zoned residential since 1952; and no commercial use was made of it before then or thereafter; and even if there was such commercial use, it had been discontinued for a period of

more than two years.  (Id. ¶ 5)  Plaintiffs' applications for a non-conforming use

certificate or hardship variance have been denied.  (Id. ¶ 6)

In their Complaint, Plaintiffs have named a number of Hamilton County and

Green Township agencies and officials as defendants.  In addition, Plaintiffs have sued

Defendant Peggy Lopez in her individual capacity and in her capacity as President of

the Monfort Heights/White Oak Civic Association.  Plaintiffs allege that Defendant has

publicly opposed and defamed Plaintiffs based on her personal disdain for Plaintiff

Rack.  (Id. ¶ 34)  In response to Defendant's First Set of Interrogatories and Requests

for Production, Plaintiffs have identified ten acts by Defendant which they consider

actionable.  (Doc. 40, Ex. C)  These acts will be repeated here chronologically.  On

January 24, 1996, Defendant attended and spoke at the Zoning Appeal Hearing.  (Id. ¶

9)  On February 7, 1996, May 8, 1996, and September 19, 1996 statements Defendant

made about Plaintiffs were quoted in three different newspapers.  (Id. ¶¶ 4, 6)  On

August 25, 1997, Defendant was represented by Charles Mitchell, the Green Township

attorney, at a deposition.  (Id. ¶ 10)  On March 25, 1998, Defendant was quoted in

another newspaper interview.  (Id. ¶ 4)  On March 25, 1998, Defendant testified at a

Zoning Appeal Hearing.  (Id. ¶¶ 9, 14)  In May of 1998, Defendant was quoted in

another newspaper article.  (Id. ¶ 4)  On October 14, 1999, Defendant testified at a

Zoning Appeal Hearing.  (Id. ¶¶ 9, 14)  On June 18, 2003, Defendant appeared as a

guest columnist in a local newspaper.  (Id. ¶¶ 5, 14)

Plaintiffs have brought eleven claims for relief: (1) a claim under 42 U.S.C. §

1983 for a violation of Plaintiffs' property rights under the Fifth and Fourteenth

Amendments of the federal and state constitutions, as well as a conspiracy to violate

these rights; (2) conspiracy to violate Plaintiffs' civil rights; (3) a declaration that "the Hamilton County Zoning Resolution . . . including, but not limited to, Article XV Non-conforming Uses, §§151-155, Article XVII, §§181 through 186 and Ohio Revised Code §2506.01 . . ." is unconstitutional on its face or as applied; (4) an unconstitutional taking without just compensation in violation of Plaintiffs' Fifth Amendment rights; (5) a taking of property violating due process rights secured by the Fifth and Fourteenth Amendments of the United States Constitution; (6) an "Arbitrary and Capricious Substantive Due Process Claim" related to the use of Plaintiff's property; (7) unconstitutional economic discrimination based on suspect class which "is subject to strict scrutiny review and is thereby violative of the Plaintiffs' rights to Due Process of Law and/or Equal Protection under the Law;" (8) "governmental defamation" in violation of the Due Process Clause; (9) violations of procedural due process; (10) tortious interference with contractual or business relationships; and (11) common law fraud and deceit.

## II.   ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present

significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.  The trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes v. Runyon*, 912 F.Supp.280, 283 (S.D.Ohio 1995); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).  The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes*, 912 F.Supp. at 283.

### B.    Section 1983

Defendant argues that Plaintiffs' section 1983 claims against her are barred by the statute of limitations.  Plaintiffs make no response to this argument.

The appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985).  The statute of limitations for a section 1983 action arising in Ohio is contained in Ohio Rev.Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003), *citing, Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Federal law governs the question of when the limitations period begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his

action. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988), *citing*, *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

The instant action was filed on February 19, 2004. Therefore, the only act by Defendant which falls within the statute of limitations is Defendant's guest column published on June 18, 2003. Defendant argues that this column cannot serve as the basis of a section 1983 claim because it is not state action and was not published under color of law. Plaintiffs counter that Defendant qualifies as a state actor because she has conspired with state officials to violated constitutional rights, or because she has willfully participated in joint action with state agents.

A section 1983 claim must present two elements: (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003), *quoting Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

The Supreme Court has developed three tests for determining whether a person was acting under of color of state law in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). However, the application of these tests to the conduct of a private entity is relevant only in cases in which there are no allegations of cooperation or concerted action between state and private actors.

*Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to section 1983. *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir. 2000); *see also Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir.1989) (holding that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability). Private persons may be held liable under section 1983 if they willfully participate in joint action with state agents. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *see also Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985) ("Private persons jointly engaged with state officials in a deprivation of civil rights are acting under color of law for purposes of § 1983.").

The Sixth Circuit has explained that the standard for proving a civil conspiracy is as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks*, 771 F.2d at 943-44. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003), *citing Gutierrez v. Lynch*, 826 F.2d 1534,

1538 (6th Cir. 1987). The Sixth Circuit has acknowledged that because "[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, . . . circumstantial evidence may provide adequate proof of conspiracy." *Id.*, *citing Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000) (alteration in original).

In response to Defendant's motion, Plaintiffs state that there are multiple actions which Defendant has taken to oppose Plaintiffs' lawful goals of engaging in commercial use of their property, including writing the newspaper column. Plaintiffs explain that this is a part of a single plan "to prevent the Plaintiffs from having commercial use of their property." The Court finds that these allegations are vague and conclusory, and are not supported by material facts. A review of the column written by Defendant shows that this column does nothing to support Plaintiffs' allegation that there is an agreement between Defendant and the other named Defendants. While the column may show that Defendant agrees with the decisions made regarding Plaintiffs' property, it in no way shows, either directly or circumstantially, that Defendant made an agreement with the other Defendants to violate Plaintiffs' constitutional rights. Furthermore, there is no showing that the writing of this column was an overt act which was committed in furtherance of the conspiracy. Regardless of how influential Plaintiffs claim Defendant is, it is ultimately the decision of the Hamilton County Board of Zoning Appeals as to what restrictions are placed on Plaintiffs' property. Therefore, the Court finds that Plaintiffs have not shown that Defendant conspired with state officials to violate their constitutional rights. Since Defendant does not qualify as a state actor, Plaintiff cannot

show that Defendant violated section 1983.  Accordingly, Defendant is entitled to summary judgment on this claim.

### F.    State law claims

Plaintiffs' remaining claims are state law claims for tortious interference with contractual or business relationships and common law fraud and deceit.  Plaintiffs have not made any response to the arguments set forth by Defendant.

The four-year statute of limitations found in Ohio Rev. Code § 2305.09(D) applies to Plaintiffs' claim of tortious interference with contract.  *See Samman v. Nukta*, 2005 WL 2593500, *4 (Ohio Ct. App. Oct. 13, 2005) (slip op.).  Likewise, Plaintiffs claims for fraud and deceit are governed by the four year statute of limitation of Ohio Rev. Code § 2305.09(C) and (D).  *Meeker v. Shafranek*, 176 N.E.2d 293, 294 (Ohio Ct. App. 1960).  Therefore, as was the case with Plaintiffs' section 1983 claim, the June 18, 2003 column in the local newspaper can be the only basis for these claims.

Ohio law recognizes causes of action for both tortious interference with a business relationship and tortious interference with contract rights. *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999), *citing A & B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Bldg. & Constr. Trades Council*, 651 N.E.2d 1283, 1294 (1995).  The two actions differ only in that the former tort does not require proof of a contractual relationship.  *Id.*  "The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another."  *Id., quoting A&B-Abell Elevator*, 6510 N.E.2d at 1294.  Plaintiffs' allegations related to this claim are that

Defendant has "directly and tortiously interfered with the contractual relationships and business relationships of the Plaintiffs with customers and/or subcontractors and/or vendors and/or prospective purchasers of real estate." (Doc. 1, ¶ 86) Plaintiffs have not presented any evidence in support of this claim. Therefore, Defendant is entitled to summary judgment on this claim.

Under Ohio law, fraud is defined as (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). The only misrepresentation that Plaintiffs have identified in Defendant's column is that she states that "industrial" according to the Hamilton County Zoning Resolution, includes outside storage, research lab with hazardous materials and manufacturing. (Doc. 40, Ex. C) Plaintiffs point out that there are actually four different definitions or types of industrial use zoning. Plaintiffs state that while the type of industrial use sought by Plaintiffs does includes outside storage, it does not include any of the other items listed by Defendant in her column. (Id.) The Court finds that this is insufficient to support a claim for fraud. Not only is it unclear that Defendant's statement is false, there is no showing that Defendant had knowledge of its falsity, or had an utter disregard and recklessness as to whether it was true or false. Therefore, Defendant is entitled to summary judgment on this claim.

## IV.    CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant Peggy Lopez's Motions for Summary Judgment (Doc. 40) is hereby GRANTED.  Having dismissed all of Plaintiffs' claims against all of the Defendants, the Court hereby ORDERS that this matter shall be terminated and struck from the docket of this Court.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court